LEWIS THOMPSON v. THE OCEAN CITY RAILROAD COMPANY, THE MAYOR AND COUNCIL OF THE BOROUGH OF OCEAN CITY, AND EDMUND H. BOURGEOIS, CLERK

1. The legislature has not conferred upon railroad companies, incorporated under the General Railroad act, the capacity to acquire at will the right to make use of public streets or highways longitudinally for the roadbed of a railroad.

2. A charter authorizing the construction of a railroad between designated points, the exact location of the road between the specified termini being left in the company's discretion, is an implied authority to cross highways along the route, but confers no right to occupy longitudinally streets or highways lying in the general route of the road. The authority to make such a use of streets or highways must be expressly given, or if conferred by implication, it must be by a necessary implication.

3. The power to regulate streets, conferred by the legislature upon borough governments, does not contemplate the diversion of streets to the use of corporations organized under the General Railroad act

On *certiorari.*

This writ brings up the following ordinance of the borough of Ocean City:

"An ordinance granting to the Ocean City Railroad Company the right to occupy longitudinally a portion of Haven avenue, from Fifty-ninth street to First street, in Ocean City, New Jersey.

"WHEREAS, The Ocean City Railroad Company has been duly incorporated under the laws of this state to operate a railroad between Petersburg, Cape May county, New Jersey, and Ocean City, in the said county and state;

"*And whereas,* The said Ocean City Railroad Company desires to lay its tracks through Ocean City, on Haven avenue, from Fifty-ninth street to First street; therefore,

"Section 1. Be it ordained by the mayor and common council of the borough of Ocean City, that the right be and hereby is granted to the Ocean City Railroad Company, to lay, maintain and operate a double-track railroad along the center of Haven avenue, from Fifty-ninth street to First street, and also to lay, maintain and operate such turnouts on said avenue, between the points above designated, as they shall think proper, not, however, exceeding ten; and provided further, that there shall not be two turnouts within any two consecutive squares.

"Section 2. And be it ordained that the rights granted by

section 1 of this ordinance are granted upon the following express conditions, to wit: That whenever the property-owners along Haven avenue, or city council, shall grade, or cause to be graded, any portion of said street between Fifty-ninth street and First street, it shall be the duty of the said Ocean City Railroad Company thereafter to keep and maintain the same in good condition, order and repair, from curb to curb, and if the said street shall become out of repair, the said Ocean City Railroad Company, after being notified by the street committee of city council that said street or any designated portion thereof is out of repair, shall, within sixty days from the service of said notice, put the said street or designated portions in good condition, order and repair, and, in default thereof, the rights hereby granted shall immediately cease and become void.

" Section 3. And be it ordained that the said Ocean City Railroad Company shall direct, construct and at all times maintain good and sufficient crossings at the intersection of the various streets and said railroad whenever it shall be ordered so to do by the street committee of city council, supervisor or the street committee of city council, said crossing, between the rails of said track, and ten inches on either side thereof, to be constructed and built of good, sound plank, laid so that the surface of said plank shall be on a level with the top of the rail."

Argued at November Term, 1896, before Justices DEPUE and MAGIE.

For the prosecutors, *Henry M. Snyder, Jr.,* and *Samuel H. Grey.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

DEPUE, J.   The Ocean City Railroad Company, to which the right to occupy Haven avenue longitudinally with its

tracks was granted by this ordinance, is not a street railway company. It was incorporated under the General Railroad act and located a double-track railroad ten miles long, as a branch of the South Jersey Railroad Company. The ordinance authorizes the laying of the company's tracks longitudinally through the avenue, from Fifty-ninth street to First street. An inspection of the ordinance will disclose how completely the city council proposes to surrender the public avenue to the use of the railroad company.

The legislature has not conferred upon these companies the capacity to acquire at will the right to make use of public streets or highways longitudinally for the roadbed of a railroad, nor has it granted to boroughs, under the power to regulate streets, the power to make such a diversion of the streets to the use of these companies.

A charter authorizing the construction of a railroad between designated points, the exact location of the road between the specified termini being left in the company's discretion, is an implied authority to cross highways along the route, but confers no right to occupy longitudinally streets or highways lying in the general route of the road. The authority to make such a use of streets or highways must be expressly given, or if conferred by implication, it must be by a necessary implication. *Morris and Essex Railroad Co.* v. *Newark,* 2 *Stock.* 352; *Newark and New York Railroad Co.* v. *Newark,* 8 *C. E. Gr.* 515; *Hoboken Land and Improvement Co.* v. *Hoboken, 6 Vroom* 205; *Adams* v. *Disston,* 15 *Id.* 662; *Raritan Township* v. *Port Reading Railroad Co.,* 4 *Dick. Ch. Rep.* 11; 1 *Wood Railw.* 746. The statute under which this company was organized contains no words or expression from which an implication can be deduced which would justify the appropriation of streets and highways to the uses of these companies. Nor has the legislature conferred upon borough governments power to subject the streets and avenues within the corporate limits to the use contemplated by this ordinance.

The ordinance is illegal. The prosecutor is the owner of

lands on both sides of. Haven avenue between Twenty-fourth and Twenty-fifth streets, and is also a taxpayer within the city. He is entitled to have the entire ordinance set aside, and it is so ordered, with costs.